**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-40018
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SERGIO RODRIGUEZ-MATAMOROS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(L-99-CR-447-1)**
_____

December 21, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Sergio Rodriguez-Matamoros appeals his conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B). He contends that the evidence at trial was insufficient to show that he knew the vehicle he was driving contained marijuana.

Because Rodriguez made a motion for judgment of acquittal at the close of the Government's case and at the close of all of the evidence, the standard of review in assessing his sufficiency challenge is "whether, considering all the evidence in the light

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt". *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

Although knowledge can be inferred from control of the vehicle in some cases, when the drugs are secreted in hidden compartments, as in this case, control over the vehicle alone is insufficient to prove knowledge. *United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998). There must also be "circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge". *Id.* (citation omitted).

This court has identified the following types of behavior as circumstantial evidence of guilty knowledge: (1) nervousness; (2) absence of nervousness, i.e., a cool and calm demeanor; (3) refusal or reluctance to answer questions; (4) lack of surprise when contraband is discovered; (5) inconsistent statements; (6) implausible explanations; (7) possession of large amounts of cash; and (8) obvious or remarkable alterations to the vehicle. *Id.* (citations omitted). The evidence at trial sufficiently established the listed behaviors, and, thus, Rodriguez's guilty knowledge.

*AFFIRMED*